

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3598

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lin v. Atty Gen USA" (2005). *2005 Decisions*. Paper 142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3598

———————

KENG LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

(No. A95-369-502)

———————

Submitted pursuant to LAR 34.1(a) September 26, 2005

Before: ALITO, AMBRO, and LOURIE,* *Circuit Judges.*

(Opinion Filed: December 8, 2005)

———————

OPINION OF THE COURT

———————

————————

\* Honorable Alan D. Lourie, Judge of the United States Court of Appeals for the
Federal Circuit, sitting by designation.

*PER CURIAM*:

Keng Lin seeks review of an order from the Board of Immigration Appeals denying his request for withholding of removal. We deny the petition for review.

**I.**

As we write only for the parties, we do not set forth the full background of the case. Lin, a native and citizen of China, filed an application for asylum, withholding of removal and relief under the Convention Against Torture. The IJ rejected Lin's asylum application as untimely. The IJ also concluded that Lin's entire story was not credible and that his application was frivolous. Finally, the IJ found that even if Lin's allegations were true, he did not qualify for withholding of removal because his own testimony indicated that he no longer faces a threat of persecution. Accordingly, the IJ denied Lin's request for withholding of removal and relief under the Convention Against Torture. The Board affirmed the IJ's order without opinion.

In this petition, Lin challenges only the IJ's denial of his request for withholding of removal.[1] Lin argues that the IJ erred in two ways. First, Lin claims the IJ's adverse credibility determination was not supported by substantial evidence. Second, Lin argues that the IJ erred in finding his application frivolous because the IJ engaged in circular

_____

[1] The IJ's determination that Lin's asylum application was untimely is not subject to judicial review. *See* 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003). Lin does not contest the IJ's rejection of his claim under the Convention Against Torture.

reasoning and failed to identify the specific portions of Lin's application that the IJ deemed to be fabricated.[2] We consider each argument in turn.

## II.

An applicant is entitled to withholding of removal if upon return to his home country his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). The Attorney General must grant withholding of removal if the petitioner demonstrates a "clear probability" of such persecution. *INS v. Stevic*, 467 U.S. 407, 413 (1984); *Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir. 2003). A "clear probability" means that it is "more likely than not" that the petitioner would be subject to persecution. *Stevic*, 467 U.S. at 429-30. A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1); *Li v. Atty Gen. of the United States*, 400 F.3d 157, 162 (3d Cir. 2005).

Whether a petitioner faces a clear probability of persecution is a question of fact reviewed under the substantial evidence standard. *See Gao v. Ashcroft*, 299 F.3d 266,

---

[2] Lin makes two additional arguments not considered in this opinion: first, that the IJ erred by excluding documentary evidence offered to corroborate his testimony; and second, that the IJ erred in concluding that, even if Lin's allegations are true, changed circumstances suggest that he no longer faces a clear probability of persecution. Because Lin did not raise the first issue before the Board of Immigration Appeals, we lack jurisdiction to consider this claim. *See* 8 U.S.C. § 1252(d)(1); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003). We do not reach the latter question because we hold that the IJ's adverse credibility determination is supported by substantial evidence.

272 (3d Cir. 2002). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Where, as here, the Board affirms an IJ's decision without opinion, the IJ's decision becomes the final agency determination. 8 C.F.R. § 1003.1(e)(4); *Gao*, 299 F.3d at 271. "When the BIA defers to an IJ, a reviewing court must, as a matter of logic, review the IJ's decision to assess whether the BIA's decision to defer was appropriate." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

## III.

Lin's main contention is that the IJ's denial of his request for withholding of removal was based on an erroneous credibility determination. Lin makes two broad arguments in support of this claim: first, that the inconsistencies identified by the IJ are not sufficient to warrant an adverse credibility determination; and second, that at least part of the IJ's credibility determination was based on impermissible speculation. We consider both arguments below.

## A.

"Adverse credibility findings are afforded substantial deference so long as the findings are supported by specific cogent reasons." *Gao v. Ashcroft*, 299 F.3d 266, 276 (3d Cir. 2002). "The reasons must be substantial and bear a legitimate nexus to the finding." *Id.* This Court examines an adverse credibility determination to ensure that it was based on inconsistent statements, contradictory evidence, and inherently improbable

4

testimony. *See Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003). "Where an IJ bases an adverse credibility determination in part on 'implausibility' ... such a conclusion will be properly grounded in the record only if it is made against the background of the general country conditions." *Id.* at 249 (citing *Gao*, 299 F.3d at 278-79; *He v. Ashcroft*, 328 F.3d 593, 603 (9th Cir. 2003)).

An adverse credibility determination is a finding of fact. *Dia*, 353 F.3d at 247; *see also Gao*, 299 F.3d at 272. Under the substantial evidence standard of review, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**B.**

Lin first claims that the inconsistencies identified by the IJ were not sufficient to support an adverse credibility determination. We disagree.

The IJ's adverse credibility determination was based on numerous examples of contradictory or arguably implausible testimony. Two examples seem particularly significant.

First, the IJ did not accept various aspects of Lin's account of the February 25, 2001 incident in which his wife was allegedly arrested and taken against her will to a birth control office for sterilization. Lin initially said he was at the bus station and his wife was at the village at the time of the arrest; he then changed his story and stated that his wife was at the bus station while he was working. When the IJ pointed out the

5

contradiction, Lin denied having made his earlier statement; after his taped testimony was played back for him, he said he had been mistaken. The IJ thought it was "totally inconceivable" that the first statement was a mistake because Lin had repeated his misstatement several times before correcting himself.

The IJ also did not think it credible that Lin's wife and the officials who arrested her said nothing to one another during the course of the incident. According to Lin's testimony, the arresting officials saw his wife at the bus station, recognized her, and dragged her away to the birth control office. The IJ found it "totally incredible" that "there was no interaction between the birth control officials and the respondent's wife, ... and that they merely started dragging her off for sterilization." App. 9.

Second, the IJ thought Lin's testimony as to why he went into hiding in March 2001 contradicted his reasons for emerging from hiding before leaving China. Lin testified that after he was fired he had an argument with his boss in which Lin criticized China's one-child policy; following this argument, Lin stated, it was necessary to go into hiding to avoid being found by the police. On cross-examination, however, Lin testified that he felt it was safe for his family to come out of hiding because they had paid the majority of their fine, even though Lin's earlier testimony indicated that the majority of the fine had already been paid at the time they went into hiding. In addition, Lin testified that he had to pay the remaining portion of his fine within one or two days, although his written statement stated that he was given one month to pay in full.

6

Lin suggests that the inconsistencies and mistakes in his testimony were attributable to poor memory, nervousness and mistranslation rather than deception, but we cannot say that a reasonable adjudicator would be compelled to find Lin's testimony credible in light of the contradictions and implausible statements noted by the IJ. Nor can we agree that these features of Lin's testimony do not go to the heart of his claim. The incident in which his wife was arrested and coercively sterilized is the crux of Lin's claim that he suffered persecution under the one-child policy. The same may be said of Lin's alleged need to hide from the authorities after criticizing that policy. As noted above, the IJ had plausible reasons for thinking both accounts not credible.

Finally, Lin claims that the IJ's credibility determination was erroneous because it was based on impermissible speculation. The only example Lin cites is the IJ's rejection of Lin's account of the incident in which Lin's wife was allegedly arrested. As noted above, the IJ thought it "implausible" and "incredible" that the authorities would drag his wife away without any exchange of words. We think the IJ's skepticism is understandable, particularly in light of the fact that Lin's wife, according to Lin's written statement, physically struggled with the authorities at the time of her arrest. It is of course possible that the episode occurred as Lin alleged, but the IJ might reasonably have doubted that no words would be exchanged before or during this violent confrontation. In any case, however, the IJ had additional valid reasons for doubting the truth of this account as well as other allegations central to Lin's application.

In sum, the IJ's adverse credibility determination has a reasonable basis in the record and was supported by substantial evidence.

## IV.

Lin next contests the IJ's determination that his application was frivolous. That conclusion, Lin argues, was erroneous for two reasons: first, because the IJ failed to identify the portions of Lin's application he deemed fabricated; and second, because the IJ engaged in circular reasoning. The record does not support either claim.

"[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. "Such finding shall only be made if the immigration judge or the Board is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Id.*

In addition to stating his general conclusion that Lin's testimony was fabricated, App. 13, the IJ specifically found that Lin fabricated his account of the episode in which his wife was arrested, App. 8. Lin was given an opportunity to explain the inconsistencies in his testimony regarding the alleged arrest, which was unquestionably central to Lin's application. Thus, the IJ's determination that Lin's account was fabricated satisfies all the requirements set forth in 8 C.F.R. § 1208.20.

Contrary to Lin's assertion, we have no reason to think the IJ engaged in circular reasoning. The IJ found that Lin's entire case-in-chief was not credible. He cited

8

numerous examples of incredible or implausible testimony, and specifically identified at least one material element of the application he deemed fabricated. Based on these findings, the IJ concluded that Lin's application was frivolous. This is the exact mode of analysis prescribed by regulation. Thus, the IJ's determination that Lin's application was frivolous is supported by substantial evidence.

For the reasons stated above, we deny the petition for review.